UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brent M. Bleam, Jr.,                                          Case No. 3:20-cv-2421

                  Plaintiff,

        v.                                                 MEMORANDUM OPINION
                                                        AND ORDER

James A. Fritz, *et al.*,

                  Defendants.

## I. INTRODUCTION

Defendants James A. Fritz, Brian Elliott, and Management Training Center ("MTC")[1] (collectively, "Defendants") move to dismiss the claims asserted against them by *pro se* Plaintiff Brent M. Bleam, Jr. (Doc. No. 9). Bleam filed a motion for appointment of counsel, (Doc. No. 10), but did not otherwise respond to or acknowledge Defendants' motion to dismiss. Bleam previously filed a motion for a peremptory writ of mandamus, (Doc. No. 5), which Defendants also have moved to dismiss. (Doc. No. 8).

For the reasons stated below, I deny Bleam's motion for a writ of mandamus and other pending motions, and dismiss his complaint.

---

[1] (*See* Doc. No. 1 at 1). Defendants indicate the actual company name is Management & Training Corporation. (*See* Doc. No. 9 at 2).

## II. BACKGROUND

Bleam previously was an inmate at the North Central Correctional Institution, a privately operated prison in Marion, Ohio, which is operated by MTC pursuant to a contractual agreement with the Ohio Department of Rehabilitation and Correction. On February 15, 2019, another inmate told Bleam that Fritz had been calling Bleam a snitch. (Doc. No. 1 at 3). Bleam alleges Fritz did so because Bleam told another corrections officer that Fritz had given Bleam permission to give other inmates tattoos. (*Id.*).

Bleam confronted Fritz. Fritz confirmed he had called Bleam a snitch, and Bleam assaulted him. (*Id.* at 4). Bleam alleges he did so because an inmate was murdered at another prison after being called a snitch. (*Id.*).

When other officers responded to the incident, Bleam was placed in handcuffs "and escorted out to a sally port, where [he] was cornered . . . by more than 12 correctional officers yelling [and] spitting in [his] face." (*Id.*). Bleam alleges Elliott and an unnamed corrections officer were escorting him to the medical unit when the captain told the officers to bring Bleam into the shift office. (*Id.*). Once there, Bleam claims the unnamed captain threw him against the wall and screamed at him, asking Bleam why he assaulted Fritz. (*Id.*). Bleam told the captain why and the captain then told Elliott to get Bleam out of the shift office. (*Id.*).

Bleam alleges Elliott hit him in the side of his head while escorting him from the shift office to medical. (*Id.*). Bleam was transferred to the Southern Ohio Correctional Facility in Lucasville, Ohio. (*Id.*).

Bleam subsequently was charged by a Marion County, Ohio grand jury with one count of assault in violation of Ohio Revised Code § 2903.13(A), a third-degree felony. (*See* Case No. 2019 CR 508, *State of Ohio v. Bleam*). Bleam pled guilty and was sentenced to three years in prison.

Bleam alleges Fritz "negligently and deliberately put [his] life in danger" by calling him a snitch. (Doc. No. 1 at 5). He seeks an award of damages against Fritz, Elliott, and MTC.

### III.  STANDARD

Rule 12 provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596)

## IV. ANALYSIS

### A. WRIT OF MANDAMUS

Bleam filed a "complaint for [a] peremptory writ of mandamus," seeking the production of recordings from cameras located in the areas in which Bleam alleges the officers yelled at him and struck him following the assault. (Doc. No. 5). He asserts Elliott struck him in the head and used Bleam's "body to open the door while handcuffed and shackled." (*Id.* at 2). He argues Fritz should be required to produce his medical records, arguing those records would show Fritz was not truthful about his injuries and would lead to "the [reversal] of [Bleam's assault] conviction. (*Id.*).

I conclude Bleam is not entitled to the writ he seeks. Writs of mandamus have been abolished in district court proceedings. Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules."). *Cf. In re Perrigo Co.*, 128 F.3d 430, 435 (6th Cir. 1997) (Mandamus relief is "an extraordinary remedy" typically utilized by appellate courts and "usually limited to 'questions of unusual importance necessary to the economical and efficient administration of justice,' or 'important issues of first impression.'") (quoting *EEOC v. K-Mart Corp.*, 694 F.2d 1055, 1061 (6th Cir. 1982)).

The Federal Rules of Civil Procedure address the various forms discovery may take in civil litigation. *See* Fed. R. Civ. P. 26-37. Moreover, "[a]s a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including [electronically stored information], when that party has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (citation omitted).

But, as I discussed in greater detail below, I conclude Bleam's claims must be dismissed. Therefore, Bleam is not entitled to discovery at all, much less a writ of mandamus.

4

**B.      H**ECK V. H**UMPHREY**

Defendants assert Bleam's claim for use of excessive force must be dismissed because it would imply the invalidity of his state court conviction. (Doc. No. 9 at 4-7).

In his complaint, Bleam alleges Fritz "negligently and deliberately put [Bleam's] life in danger" by calling Bleam a snitch. (Doc. No. 1 at 5). Bleam expands upon his claim against Fritz in his motion for a writ of mandamus, alleging Fritz lied about suffering injuries during the altercation with Bleam. (Doc. No. 5 at 2). Bleam alleges that his assault conviction should be reversed because Fritz is not a credible witness. (*Id.*). *See Erickson*, 551 U.S. at 94 (A *pro se* plaintiff may "bolster[ ] his claim by making more specific allegations . . . in later filings."). I conclude Bleam's claim against Fritz must be dismissed because it is premature.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff's "cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever." *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (citation omitted).

Bleam offers no evidence his state court conviction has been reversed or expunged by an Ohio court. Yet, in these proceedings, he does more than "imply" his assault conviction is invalid – he expressly seeks the reversal of his conviction for assaulting Fritz. Federal district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

Therefore, I conclude: (a) to the extent he seeks to overturn his state court conviction, I lack jurisdiction to hear Bleam's claim against Fritz; and (b) the remainder of Bleam's cause of action against Fritz has not yet accrued and, therefore, it is barred by *Heck*.

5

C. **FAILURE TO STATE A CLAIM FOR RELIEF**

Defendants do not specifically address Bleam's claims against Elliott and MTC, implying that those causes of action also are barred by *Heck v. Humphrey*. (*See* Doc. No. 9 at 4-7). This argument holds no water, as *Heck* "applies only where a § 1983 claim would '*necessarily*' imply the invalidity of a conviction." *Schreiber v. Moe*, 596 F.3d 323, 335 (6th Cir. 2010) (quoting *Nelson v. Campbell*, 541 U.S. 637, 647 (2004)) (emphasis in original). Bleam's allegations against Elliott begin during the period of time after Bleam was removed from the unit where he assaulted Fritz. (*See* Doc. No. 1 at 4). A determination of whether Elliott used excessive force against Bleam after the altercation with Fritz ended would not invalidate Bleam's underlying conviction. *See Sigley v. Kuhn*, 205 F.3d 1341, at *4 (6th Cir. 2000) (unpublished table decision).

But this does not mean Bleam's claims can move forward. A case filed by a plaintiff proceeding *in forma pauperis* must be dismissed if the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Bleam alleges only that MTC is liable because it "employs both CO Fritz and LT. Elliot[t]." (Doc. No. 1 at 4). "[T]he Supreme Court has rejected *respondeat superior* theories that subject [local governmental] employers . . . to liability for their employees' actions." *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 494 (6th Cir. 2020). Plaintiffs seeking to hold a local governmental entity liable under 42 U.S.C. § 1983 for alleged constitutional violations must show "the entity's own unconstitutional 'policy' or 'custom' caused the plaintiff's injury." *Id.* (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997)). Private entities that contract to perform traditional state functions on behalf of a governmental entity also may be sued under § 1983. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

Bleam fails to state a claim against MTC. He does not identify any policy or custom which caused his alleged injuries, *see id.*, and, therefore, I dismiss his claim against MTC.

6

Bleam's claim against Elliott falls short as well. The Eighth Amendment protects prison inmates like Bleam from the use of force that amounts to cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1992). In determining whether a corrections officer has used excessive force in violation of the Eighth Amendment, "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation, 'or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'" *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley*, 475 U.S. at 321).

But "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (citation and internal quotation marks omitted). Bleam alleges Elliott struck him in the head, (Doc. No. 1 at 4), and pushed him into a door. (Doc. No. 5 at 2). But he does not allege he suffered any injury from Elliott's conduct. "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (quoting *Hudson,* 503 U.S. at 9).

Moreover, Bleam fails to allege any facts which plausibly show Elliott "maliciously and sadistically use[d] force to cause harm." *Hudson*, 503 U.S. at 9. Even when viewed in the light most favorable to Bleam, his allegations do not state a claim for violation of his Eighth Amendment rights.

Therefore, I conclude Bleam fails to state a plausible claim for relief against MTC or Elliott and dismiss his claims against those defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7

### D. MOTION TO APPOINT COUNSEL

Finally, I deny Bleam's motion for the appointment of counsel. (Doc. No. 10). A civil litigant does not have a constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). While a court may appoint counsel in a civil case pursuant to 28 U.S.C. § 1915(e), appointment of counsel "is a privilege that is justified only by exceptional circumstances," and is not appropriate when the *pro se* litigant's claims lack merit. *Lavado*, 992 F.2d at 606.

### V. CONCLUSION

For the reasons stated above, I deny Bleam's motion for a peremptory writ of mandamus, (Doc. No. 5), and his motion to appoint counsel. (Doc. No. 10). I grant Defendants' motions to dismiss, (Doc. Nos. 8 and 9), and dismiss the remainder of Bleam's causes of action pursuant to 28 U.S.C. § 1915(e)(2).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge